# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| IN RE: | Case No: **10-20696-13** |
| **Jacob Donald Greene** | DATED: **10/25/2010** |
| **Kirstie Isbel Greene** | Chapter: **13** |
| Debtor(s) | EIN: |
| Attorney Phone No: **(806) 374-2266** | Judge: **Robert L. Jones** |

### DEBTOR'S(S') CHAPTER 13 PLAN AND MOTION FOR VALUATION
### SECTION I
### DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS
### FORM REVISED 12-15-07

This Plan contains non-standard provisions in Section IV (last page):  ☐ yes  ☑ no

**A. DEBTOR PAYMENTS**  DEBTOR(S) PROPOSES TO PAY TO THE TRUSTEE THE SUM OF:

MONTHS 1 TO 60      $661.00   PER MONTH

FOR A TOTAL OF   **$39,660.00**   ("BASE AMOUNT").

FIRST PAYMENT IS DUE _____ .

THE ESTIMATED UNSECURED CREDITORS POOL IS
___**$0.00**___ calculated as: ___**$0.00**___ (Disposable income per § 1325(b)(2)) x ___**60 months**___ (Applicable Commitment Period per § 1325(b)(4)), but not less than Debtor's equity in non-exempt property: ___**$0.00**___ pursuant to § 1325(a)(4).

**B. ADMINISTRATIVE AND DSO CLAIMS:**

1. **CLERK'S FILING FEE:** Total filing fees paid through the plan, if any, are ___**$0.00**___ and shall be paid in full prior to disbursements to any other creditor.

2. **TRUSTEE FEES AND NOTICING FEES:** Trustee fees and any noticing fees shall be paid first out of each disbursement and as provided in General Order 2007-02.

3. **DOMESTIC SUPPORT OBLIGATIONS:** Prior to discharge, Debtor will pay all post-petition Domestic Support Obligations (as defined in § 101(14A)) directly to the holder(s) of such obligation(s), unless payment through the Plan as hereinafter provided is agreed to in writing by the respective holder(s) of the claim(s) or their agent(s). Pre-petition Domestic Support Obligations per Schedule "E" shall be paid the following monthly payments as a priority creditor:

| DSO CLAIMANT(S) | SCHEDULED AMOUNT(S) | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|
| | | | |

**C. ATTORNEY FEES:** TO ___**Northern Law Firm**___ , TOTAL: **$3,000.00** ; ___**$835.00**___ PRE-PETITION; ___**$2,165.00**___ THROUGH TRUSTEE. PRE-CONFIRMATION PAYMENTS TO DEBTOR'S ATTORNEY WILL BE PER THE AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS. POST-CONFIRMATION PAYMENTS TO DEBTOR'S ATTORNEY WILL BE MADE FROM FUNDS REMAINING AFTER PAYMENT OF ADMINISTRATIVE CLAIMS AS PROVIDED ABOVE ('B') AND EACH SPECIFIED MONTHLY PLAN PAYMENT TO SECURED CREDITORS ('D' AND/OR 'E' BELOW) BEFORE ANY PAYMENT TO PRIORITY CREDITORS ('H' BELOW) OR UNSECURED CREDITORS ('I' AND 'J' BELOW).

**D. HOME MORTGAGE ARREARAGE:**

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|---|
| **BAC HOME LOANS SERVICI** | **$9,680.00** | | **5.75%** | **Month(s) 1-60** | **$186.02** |

If pursuant to this Plan, the Debtor pays through the Trustee the Allowed pre-petition Home Mortgage Arrearage Claim Amount to any Mortgagee identified in paragraph "D" or its assignee(s), while timely making all required post-petition mortgage payments, upon discharge, the mortgage will be reinstated according to its original terms, extinguishing any right of the Mortgagee or its assignee(s) to recover any amount alleged to have arisen prior to the filing of the petition.

Case No:  10-20696-13
Debtor(s):  **Jacob Donald Greene**
**Kirstie Isbel Greene**

E.(1)  <u>SECURED 1325(a)(5)(A) or (B) CLAIMS--PAID BY THE TRUSTEE</u>

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|---|
| **PREFERRED CREDIT INC** Vaccum Cleaner | $956.00 | $500.00 | 5.50% | Month(s) 1-60 | $18.27 |
| **USAA FEDERAL SAVINGS B** 2004 Chevy Tahoe | $17,579.00 | $17,000.00 | 8.00% | Month(s) 1-60 | $344.70 |

E.(2)(a)  <u>SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE--NO CRAM DOWN:</u>

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|
| | | | | |

E.(2)(b)  <u>SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE--CRAM DOWN:</u>

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

*TO THE EXTENT THE VALUE AMOUNT IN E.(2)(b) IS LESS THAN THE SCHEDULED AMOUNT IN E.(2)(b), THE CREDITOR SHALL HAVE THE OPTION OF REQUIRING THE DEBTOR TO SURRENDER THE COLLATERAL BY OBJECTING TO THE PROPOSED TREATMENT.*

*IN THE EVENT THAT A CREDITOR OBJECTS TO THE TREATMENT PROPOSED IN PARAGRAPH E.(2)(b) THE DEBTOR RETAINS THE RIGHT TO SURRENDER THE COLLATERAL TO THE CREDITOR.  IF THE DEBTOR ELECTS TO SURRENDER THE COLLATERAL, THEN THE AUTOMATIC STAY WILL BE TERMINATED AS TO SUCH COLLATERAL UPON ENTRY OF THE ORDER CONFIRMING THE PLAN, UNLESS OTHERWISE ORDERED BY THE COURT.*

*ABSENT SUCH OBJECTION, THE CREDITOR(S) LISTED IN "E.(2)(b)" SHALL BE DEEMED TO HAVE "ACCEPTED" THE PLAN PER SECTION 1325(a)(5)(A) OF THE BANKRUPTCY CODE AND WAIVED THEIR RIGHTS UNDER SECTION 1325(a)(9).*

*THE VALUATION FOR SCHEDULED CLAIMS IN E(1) AND E(2)(b) WILL BE DETERMINED AT CONFIRMATION.  THE INTEREST RATE TO BE PAID ON THE SCHEDULED CLAIMS IN E(1), E(2)(a) AND E(2)(b) WILL ALSO BE DETERMINED AT CONFIRMATION.  THE SCHEDULED AMOUNT MAY BE ADJUSTED BASED ON A TIMELY FILED PROOF OF CLAIM AND THE TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC".)*

*EXCEPT FOR "VALUATION" AND "INTEREST RATE," CONFIRMATION HEREOF SHALL BE WITHOUT PREJUDICE TO THE DEBTOR'S, THE TRUSTEE'S, OR ANY SECURED CREDITOR'S RIGHT TO A LATER DETERMINATION OF THE ALLOWED AMOUNT OF ANY CREDITOR'S SECURED CLAIM.  TO THE EXTENT SUCH CLAIM IS ALLOWED FOR AN AMOUNT GREATER OR LESSER THAN THE "SCHEDULED AMOUNT" PROVIDED FOR ABOVE, AFTER THE TRCC IS FINAL, DEBTOR WILL MODIFY THE PLAN TO FULLY PROVIDE FOR SUCH ALLOWED SECURED CLAIM.*

*DISBURSEMENTS TO CREDITORS LISTED IN E(2)(a) SHALL BE CALCULATED USING THE SCHEDULED AMOUNT OR THE ALLOWED CLAIM AMOUNT WITHOUT CONSIDERATION OF VALUE.*

F.  <u>SECURED CREDITORS--COLLATERAL TO BE SURRENDERED:</u>

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| **HSBC/SUZKI** 2006 Suzuki Boulevard/Surrender in full satisfacti | $7,488.00 | $5,550.00 | |

*The Automatic Stay will terminate as to Collateral listed in this paragraph F. upon filing hereof but nothing in this Plan shall be deemed to abrogate any applicable non-bankruptcy law contract rights of the Debtor(s).*

Case No: 10-20696-13
Debtor(s): **Jacob Donald Greene**
**Kirstie Isbel Greene**

## G. SECURED CREDITORS--PAID DIRECT BY DEBTOR

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| **BAC HOME LOANS SERVICI** **6509 Lexis St.** | **$185,053.00** | **$183,776.00** | |

## H. PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|

## I. SPECIAL CLASS:

| CREDITOR / JUSTIFICATION | SCHED. AMT. | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|

## J. UNSECURED CREDITORS

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| **AES/WACHOVIA** | **$0.00** | |
| **AMERICREDIT** | **$0.00** | |
| **ASPIRE** | **$0.00** | |
| **BANK OF AMERICA** | **$43.00** | |
| **CAP ONE** | **$0.00** | |
| **CITI CTB** | **$2,863.00** | |
| **CITIFINANCIAL** | **$7,045.00** | **522(f) Motion to Avoid Lien** |
| **CITIFINANCIAL** | **$0.00** | |
| **CREDIT FIRST N A** | **$893.00** | |
| **DEPT OF ED/SALLIE MAE** | **$3,165.00** | |
| **DEPT OF ED/SALLIE MAE** | **$1,177.00** | |
| **DEPT OF EDUCATION/NELN** | **$3,878.00** | |
| **DEPT OF EDUCATION/NELN** | **$3,499.00** | |
| **DEPT OF EDUCATION/NELN** | **$2,796.00** | |
| **DEPT OF EDUCATION/NELN** | **$2,650.00** | |
| **DEPT OF EDUCATION/NELN** | **$2,001.00** | |
| **DEPT OF EDUCATION/NELN** | **$750.00** | |
| **DISCOVER FIN SVCS LLC** | **$0.00** | |
| **FED LOAN SERV** | **$0.00** | |
| **FIRST USA BANK NA** | **$0.00** | |
| **G JWL/CBSD** | **$115.00** | |
| **GECC, Inc.** | **$645.00** | |
| **GEMB/CARE CREDIT** | **$0.00** | |
| **GEMB/DISCOUNT TIRES** | **$0.00** | |
| **GEMB/GE MONEY BANK LOW** | **$0.00** | |
| **GEMB/WALMART** | **$406.00** | |
| **GEMBPPSM** | **$0.00** | |
| **HSBC BANK** | **$385.00** | |
| **HSBC BANK** | **$0.00** | |
| **HSBC/BSBUY** | **$928.00** | |
| **HSBC/BSBUY** | **$0.00** | |

Case No: 10-20696-13
Debtor(s): **Jacob Donald Greene**
**Kirstie Isbel Greene**

| | | |
|---|---:|---|
| **HSBC/RS** | $0.00 | |
| **HSBC/SUZKI** | $1,938.00 | Unsecured portion of surrendered property |
| **MILITARY STAR** | $0.00 | |
| **NCP Finance Limited Partnership** | $665.00 | |
| **NET 1ST NATIONAL BANK** | $0.00 | |
| **Quick Payday Cash.com** | $0.00 | |
| **SALLIE MAE** | $0.00 | |
| **SECNTLMORTG** | $0.00 | |
| **THD/CBSD** | $844.00 | |
| **USAA FEDERAL SAVINGS B** | $579.00 | Unsecured portion of the secured debt (Bifurcated) |
| **USAA FEDERAL SAVINGS B** | $0.00 | |
| **WF/EFS** | $0.00 | |
| **WFFINANCE** | $0.00 | |
| TOTAL SCHEDULED UNSECURED: | **$37,265.00** | |

UNSECURED CREDITORS ARE NOT GUARANTEED A DIVIDEND WHEN A PLAN IS CONFIRMED, SEE GENERAL ORDER 2007-02. ALLOWED GENERAL UNSECURED CLAIMS MAY RECEIVE A PRO-RATA SHARE OF THE UNSECURED CREDITORS' POOL, BUT NOT LESS THAN THE SECTION 1325(a)(4) AMOUNT SHOWN IN SECTION I "A" ABOVE LESS ALLOWED ADMINISTRATIVE AND PRIORITY CLAIMS, AFTER THE TRCC BECOMES FINAL. A PROOF OF CLAIM MUST BE TIMELY FILED TO BE ALLOWED.

**K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) | TREATMENT |
|---|---|---|---|---|
| | | | | |

**L. CLAIMS TO BE PAID:**

'TERM (APPROXIMATE)' SHOWN HEREIN GIVES THE ESTIMATED NUMBER OF MONTHS FROM THE PETITION DATE REQUIRED TO FULLY PAY THE  ALLOWED CLAIM.  IF ADEQUATE PROTECTION PAYMENTS HAVE BEEN AUTHORIZED AND MADE, THEY WILL BE APPLIED TO PRINCIPAL AS TO UNDER-SECURED  CLAIMS AND ALLOCATED BETWEEN INTEREST AND PRINCIPAL AS TO OVER-SECURED  CLAIMS.  *PAYMENT PURSUANT TO THIS PLAN WILL ONLY BE MADE TO SECURED, ADMINISTRATIVE, PRIORITY AND UNSECURED CLAIMS THAT HAVE BEEN ALLOWED OR THAT THE DEBTOR HAS AUTHORIZED IN AN ADEQUATE PROTECTION AUTHORIZATION.  GENERAL UNSECURED CLAIMS WILL NOT RECEIVE ANY PAYMENT UNTIL AFTER THE TRCC BECOMES FINAL.*

*THE "SCHED. AMT." SHOWN IN THIS PLAN SHALL NOT DETERMINE THE "ALLOWED AMOUNT" OF ANY CLAIM.*

**M. ADDITIONAL PLAN PROVISIONS:**

SEE SECTION IV ON LAST PAGE FOR ADDITIONAL PLAN PROVISIONS, IF ANY.

Case No:    10-20696-13
Debtor(s):  **Jacob Donald Greene**
            **Kirstie Isbel Greene**

SECTION II
DEBTOR'S(S') CHAPTER 13 PLAN--GENERAL PROVISIONS
FORM REVISED 12-15-07

**A.   SUBMISSION OF DISPOSABLE INCOME**

Debtor(s) hereby submits such portion of future earnings or other future income as herein provided to the supervision and control of the Trustee as necessary for the execution of the Plan as herein provided.

Debtor proposes to PAY TO THE TRUSTEE the Base Amount indicated in Section I, Part "A" hereof.  If applicable, cause exists for payment over a period of more than three (3) years.

If the Plan does not pay 100% to all creditors, the Base Amount shall not be less than the sum of the allowed administrative expenses plus the allowed priority and secured claims (with interest if applicable) plus the greater of the unsecured creditors' pool, or the 11 USC 1325(a)(4) amount (Best Interest Test).

Payment of any claim against the Debtor may be made from the property of the estate or property of the Debtor(s), as herein provided.

**B.   ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY FEES AND NOTICING FEES**

The Administrative Expenses of the Trustee shall be paid in full pursuant to 11 U.S.C. Sec 105(a), 503(b), 1326(b)(2), and 28 U.S.C. Sec 586(e)(1)(B).  The Trustee's Fees & Expenses, not to exceed ten percent (10%) allowed pursuant to 28 U.S.C. Sec 586(e)(1)(B), shall be deducted from each payment.  Additionally, the Trustee is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof, pursuant to local rule.  No Trustee fee will be collected on Noticing Fees.

Debtor will pay in full all Domestic Support Obligations that are due before discharge, including section 507(a)(1) Priority claims due before the petition was filed, but only to the extent provided for in this Plan.

**C.   ATTORNEY FEES**

Debtor's(s') Attorney Fees totaling the amount indicated in Section I Part "C", shall be paid by the Trustee in the amount shown as "through Trustee", pursuant to this Plan and the Debtor's(s') Authorization for Adequate Protection Disbursements.

**D.   PRINCIPAL RESIDENCE ARREARAGES (HOME MORTGAGE)**

Arrearage on claims secured only by a security interest in the Debtor's(s') principal residence shall be paid by the Trustee in the allowed pre-petition arrearage amount, and at the Annual Percentage of interest indicated in Section I, Part "D" herein.  To the extent interest is provided, interest will be calculated from the date of the Petition.  The principal balance owing upon confirmation of the Plan on the allowed pre-petition arrearage amount shall be reduced by the total of adequate protection paid less any interest (if applicable) made to the respective creditor by the Trustee.  Unless otherwise provided, post-petition payments may be paid "Direct" by Debtor(s), beginning with the first payment due after the 'ARR. THROUGH' date in Section I, Part "D".  Such creditors shall retain their liens.  To the extent an arrearage claim is allowed in an amount in excess of the Sched. Arr. Amt., the Debtor will promptly Modify the Plan to provide for full payment of the allowed amount, or for surrender of the collateral, at Debtor's election.  If Debtor elects to surrender the collateral, the creditor may retain all pre-surrender payments received pursuant hereto.

If pursuant to this Plan, the Debtor pays through the Trustee the Allowed pre-petition Home Mortgage Arrearage Claim Amount to any Mortgagee identified in paragraph "D" or its assignee(s), while timely making all required post-petition mortgage payments, upon discharge, the mortgage will thereupon be reinstated according to its original terms, extinguishing any right of the Mortgagee or its assignee(s) to recover any amount alleged to have arisen prior to the filing of the petition.

**E.(1)   SECURED CLAIMS TO BE PAID BY TRUSTEE**

The claims listed in Section I, Part "E(1)" shall be paid by the Trustee as "SECURED" to the extent of the lesser of the Claim Amount (per timely filed Proof of Claim not objected to by a party in interest), or the VALUE as shown of the collateral, which will be retained by the Debtor(s).  Any amount claimed in excess of the value shall automatically be "split" and treated as unsecured as indicated in Section I, Part "H" or "J", per 11 U.S.C. Sec. 506(a).  Such creditors shall retain their liens on the collateral described in Section I, Part "E(1)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and shall receive interest at the Annual Percentage Rate indicated from the date of confirmation hereof, or if the value shown is greater than the Claim Amount, from the date of the Petition, up to the amount by which the claim is over-secured.  The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection paid less any interest (if applicable) paid to the respective creditor by the Trustee.

**E.(2)(a)  SECURED SECTION 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN**

Claims in Section I, Part "E(2)(a)" are either debts incurred within 910 days of the Petition date secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor or debts incurred within one year of the petition date secured by any other thing of value.

The claims listed in Section I, Part "E(2)(a)" shall be paid by the Trustee as "SECURED" to the extent of the "ALLOWED AMOUNT" (per timely filed Proof of Claim not objected to by a party in interest.)  Such creditors shall retain their liens on the collateral described in Section I, Part "E(2)(a)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and shall receive interest at the Annual Percentage Rate indicated from the date of the Petition.  The principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection paid less any interest (if applicable) paid to the respective creditor by the Trustee.

**E.(2)(b)  SECURED SECTION 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--CRAM DOWN**

The claims listed in Section I, Part "E(2)(b)" shall be paid by the Trustee as "SECURED" to the extent of the LESSER OF the Claim Amount (per timely filed Proof of Claim not objected to by a party in interest), or the VALUE as shown of the collateral, which will be retained by the Debtor(s).  Any amount claimed in excess of the value shall automatically be "split" and treated as unsecured as indicated in Section I, Part "H" or "J", per 11 U.S.C. Sec. 506(a).  Such creditors shall retain their liens on the collateral described in Section I, Part "E(2)(b)" until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328, and shall receive interest at the Annual Percentage Rate indicated from the date of confirmation hereof, or if the value shown is greater than the Claim Amount, from the date of the Petition, up to the amount by which the claim is over-secured.

**IF THE "VALUE" SHOWN IN "E(2)(b)" ABOVE IS LESS THAN THE "SCHED. AMT." SHOWN, THE "ALLOWED AMOUNT" OF THE SECURED PORTION OF THE CLAIM SHALL NOT EXCEED THE "VALUE" DETERMINED AT CONFIRMATION.**

**IN THE EVENT THAT A CREDITOR OBJECTS TO THE TREATMENT PROPOSED IN THIS PARAGRAPH, THE DEBTOR RETAINS THE RIGHT TO SURRENDER THE COLLATERAL TO THE CREDITOR.  IF THE DEBTOR ELECTS TO SURRENDER THE COLLATERAL, THEN THE AUTOMATIC STAY WILL BE TERMINATED AS TO SUCH COLLATERAL UPON ENTRY OF THE ORDER CONFIRMING THE PLAN, UNLESS OTHERWISE ORDERED BY THE COURT.**

**ABSENT SUCH OBJECTION, THE CREDITOR SO LISTED IN "E.(2)(b)" SHALL BE DEEMED TO HAVE "ACCEPTED" THE PLAN PER SECTION 1325(a)(5)(A) OF THE BANKRUPTCY CODE AND WAIVED ITS RIGHTS UNDER SECTION 1325(a)(9).**

To the extent a secured claim NOT provided for in Section I Part "D", "E(1)" or "E(2)" is allowed by the Court, Debtor(s) will pay the claim 'DIRECT' per the contract unless otherwise Ordered by the Court.

Each secured claim shall constitute a separate class.

**F.   SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL**

The claims listed in Section I, Part "F" shall be satisfied as 'SECURED' to the extent of the VALUE of the collateral, as shown, by SURRENDER of the collateral by the Debtor(s) on or before Confirmation.  Any amount claimed in excess of the value of the collateral as shown, to the extent it is allowed, shall be automatically "split" and treated as indicated in Section I, Part "H" or "J" per 11 U.S.C. Sec 506(a).

Each secured claim shall constitute a separate class.

**G.  DIRECT PAYMENTS BY DEBTOR(S)**

All secured claims listed in Section I, Part "G" shall be paid 'DIRECT' by the Debtor(s) in accordance with the terms of their agreement, unless otherwise provided in Section IV.

Each secured claim shall constitute a separate class.

Case No: 10-20696-13
Debtor(s): **Jacob Donald Greene**
**Kirstie Isbel Greene**

### H.  PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS

All allowed claims (i.e., those for which a Proof of Claim is timely filed and not objected to by a party in interest) entitled to priority under Section 507(a) of the Bankruptcy Code, other than Section 507(a)(1) Domestic Support Obligations, will be paid in full (except as provided in Section 1322(a)(4)) in deferred installments, unless the holder of such claim agrees to a different treatment of such claim.  Failure to object to confirmation of this Plan shall not be deemed "acceptance" of the "SCHED AMT." shown in Section I Part "H" hereof.  The claims listed in Section I, Part "H" shall be paid their allowed amount by the Trustee in full as Priority without interest at the monthly amount indicated or pro rata.

Priority claims for taxes are unsecured and shall not accrue interest or penalty subsequent to the filing, and such interest or penalty as might otherwise accrue thereafter shall be discharged upon completion of the Plan.

### I.  CLASSIFIED UNSECURED CLAIMS

Classified unsecured claims shall be treated as allowed by the Court.

### J.  GENERAL UNSECURED CLAIMS TIMELY FILED

All other claims not otherwise provided for herein shall be designated general unsecured claims.  Payments, if any, to general unsecured claims will be on a pro rata basis.  All allowed general unsecured claims shall be paid in an amount under the Plan which is not less than the amount that would be paid on such claims if the estate of the Debtor(s) were liquidated under Chapter 7 of the Bankruptcy Code on the date of filing of the Petition herein.

Any delinquencies under the Plan on allowed secured claims, allowed priority claims and allowed classified unsecured claims must be brought current before any payments are made on general unsecured claims.

General unsecured claims may be paid concurrently with secured, priority and special class unsecured claims so long as each secured, priority, and special class unsecured creditor is receiving not less than its monthly installment as provided herein.  Any delinquencies under the plan on all allowed secured claims, allowed priority claims and special class claims must be brought current before any payments are made to the general unsecured claims.

General unsecured claims totaling the amount indicated in Section I Part "J", shall be paid by the Trustee, a PRO RATA share of the unsecured creditors' pool estimated in Section I, Part "A" but not less than the amount indicated pursuant to Section 1325(a)(4) less allowed administrative and priority claims.

### K.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

As provided in Section 1322(b)(7) of the Bankruptcy Code, the Debtor(s) assumes or rejects the executory contracts or unexpired leases with the parties so indicated in Section I, Part "K".

Assumed lease and executory contract arrearage amounts shall be paid by the Trustee as indicated in Section I Part "K".

### L.  CLAIMS TO BE PAID

See Section I, Part "L" of the Plan.

### M.  ADDITIONAL PLAN PROVISIONS

The provisions set forth in Section IV are additional Plan provisions not otherwise referred to herein.

### N.  POST-PETITION CLAIMS

Claims filed under Section 1305 of the Bankruptcy Code shall be paid as allowed.  To the extent necessary, Debtor will modify this Plan.

### O.  LATE FILED CLAIMS AND CLAIMS NOT FILED

Late filed unsecured claims on pre-petition debt shall be paid pro rata, only after all other timely filed unsecured claims are paid in full.  Such payment shall be before any payment on pre-petition non-pecuniary penalties.  Late filed claims on priority pre-petition claims shall be paid in full before any payment on late filed general unsecured pre-petition claims.  Late filed secured claims shall be paid in full before any payment on late filed priority claims.

A claim not filed with the Court will not be paid by the Trustee post-confirmation regardless of its treatment in Section I or on the AAPD.

Case No: 10-20696-13
Debtor(s): **Jacob Donald Greene**
**Kirstie Isbel Greene**

### P. CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES

Any unsecured claim for non-pecuniary penalty, fines, forfeitures, multiple, exemplary or punitive damages, expressly including IRS penalty to date of petition on unsecured and/or priority claims, shall be paid only a pro rata share of any funds remaining after all other unsecured claims including late filed claims, shall have been paid in full.

### Q. CLAIMS FOR POST-PETITION PENALTIES AND INTEREST

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

### R. BUSINESS CASE OPERATING REPORTS

Upon confirmation, business debtors are no longer required to file operating reports with the Trustee, unless the Trustee requests otherwise. However, a final operating report through the date of confirmation is required if operating reports were previously required. Confirmation hereof shall terminate the Trustee's duties to investigate or monitor the debtor's business affairs, assets or liabilities.

### S. NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRECONFIRMATION OPERATIONS

The Trustee shall not be liable for any claim arising from the post-confirmation operation of Debtor's business. Any claims against the Trustee arising from the pre-confirmation operation of the Debtor's business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation hereof, or be barred.

### T. DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL

Debtor(s) shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by Debtor(s), prior to discharge without order of the Court after notice to the Trustee and all creditors. Upon conversion or dismissal of the case, the Trustee shall disburse all funds on hand in accordance with General Order 2007-02 and any amendments thereto.

### U. ORDER OF PAYMENT

All claims shown in Section I, will be paid in the following order from each disbursement, to the extent allowed after all filing fees have been paid in full:

- 1st -- Administrative Fees in "B"
- 2nd -- Specified monthly dollar amounts to secured creditors shown in "D" and "E"
- 3rd -- Debtor attorney fees shown in "C" until paid in full
- 4th -- Specified monthly dollar amounts shown in "H" (Priority - per month)
- 5th -- Specified monthly dollar amounts shown in "I" (Special Class - per month)
- 6th -- Pro-rata among claims in "J" other than "Late Filed" and "Penalty"
- 7th -- Pro-rata among claims shown as Priority "Late Filed" shown in "H"
- 8th -- Pro-rata among claims shown as Unsecured " Late Filed" shown in "J"
- 9th -- Pro-rata among claims shown as "Penalty" shown in "J".

Case No: 10-20696-13
Debtor(s): **Jacob Donald Greene**
**Kirstie Isbel Greene**

### V. TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE

Pursuant to General Order 2007-02, Paragraph 8, as soon as practicable after the governmental claims bar date, the Trustee shall prepare and serve on Debtor's counsel, all creditors who were scheduled, all creditors who filed claims and any party that has filed a Notice of Appearance, a Trustee's Recommendation Concerning Claims ("TRCC") and Notice of Hearing and Pre-Hearing Conference thereon. The TRCC may be deemed in part to be an Objection to Claims. Objections to the TRCC shall be filed within thirty (30) days from the date of service of the TRCC. Unless an objection is timely filed as to the treatment of any claim, the claim will be allowed or approved only as described in the TRCC, and such treatment will be binding on all parties without further order of the court. All unresolved objections to the TRCC shall be deemed waived if not timely filed or if the proponent of any such objection fails to attend the Trustee's Pre-Hearing Conference or give the Trustee prior written notice that a hearing is necessary. To the extent secured and/or priority claims being paid through the Plan by the Trustee are allowed for amounts in excess of the amounts provided for in this Plan, the Debtor(s) will promptly modify the Plan to provide for full payment of the allowed amount. After the TRCC becomes final, should the Plan then become infeasible and/or "insufficient", the Trustee shall be permitted to move the Court to dismiss the case for such reason.

### W. UNFILED CLAIMS

A claim not filed with the Court will not be paid by the Trustee post-confirmation regardless of its treatment in Section I.

## SECTION III
## MOTION FOR VALUATION

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. Sec 506(a) and § 1325(a)(5) and (9) for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the Plan, Debtor(s) hereby moves the Court to value the collateral described in Section I, Part "E(1)" and "E(2)(b)" and Part "F", as the LESSER of the value set forth therein, or any value claimed on the proof of claim. **Any objection to valuation shall be filed at least five (5) business days prior to the date of the Trustee's pre-hearing conference regarding Confirmation, or be deemed waived.**

Case No: 10-20696-13
Debtor(s): **Jacob Donald Greene**
**Kirstie Isbel Greene**

**SECTION IV**
**ADDITIONAL PLAN PROVISIONS**

Additional (non-standard) Plan provisions, if any, <u>CAPITALIZED, BOLD AND UNDERSCORED ARE AS FOLLOWS:</u>
**None.**

Respectfully submitted,  Case No.: **10-20696-13**

**/s/ Van W. Northern**
Van W. Northern, Debtor's(s') Attorney

**15101100**
State Bar Number

**/s/ Jacob Donald Greene**
Jacob Donald Greene, Debtor

**/s/ Kirstie Isbel Greene**
Kirstie Isbel Greene, Joint Debtor

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that a copy of the foregoing DEBTOR'S(S') CHAPTER 13 PLAN AND MOTION FOR VALUATION was served upon the following parties in interest electronically by the Clerk or by or under the direction of the undersigned by United States First Class Mail, postage paid, on the date indicated below:

    Walter O'Cheskey

and all parties and creditors listed on the original mailing matrix and any amended mailing matrix.

Dated:   10/25/2010  **/s/ Van W. Northern**
**Van W. Northern**

**Northern Law Firm**
112 W. 8th Ave., Suite 400
Amarillo, Texas 79101

Bar Number: 15101100
Phone: (806) 374-2266

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**
Revised 11-1-05

| | | |
|---|---|---|
| IN RE: | § | |
| **Jacob Donald Greene** | § | CASE NO: **10-20696-13** |
| **Kirstie Isbel Greene** | § | |
| Debtor(s) | § | |
| | § | |

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS   DATED: **10/25/2010**.

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed in accordance with General Order 2005-05, as indicated below:

| | | |
|---|---:|---:|
| Periodic Payment Amount | | **$661.00** |
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $0.00 |
| Trustee Fee | $65.60 | $66.10 |
| Filing Fee | $0.00 | $0.00 |
| Noticing Fee | $0.00 | $0.00 |
| **Subtotal Expenses/Fees** | **$70.60** | **$66.10** |
| Available for Adequate Protection, Attorney Fees and Undisputed Priority Claims: | $590.40 | $594.90 |

**SECURED CREDITORS:**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | Total Adequate Protection Payments for Secured Creditors: | | | | **$0.00** |

**PRIORITY CREDITORS:**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | Total Adequate Protection Payments for Priority Creditors: | | | | **$0.00** |

**SPECIAL CLASS CREDITORS:**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | Total Adequate Protection Payments for Special Class Creditors: | | | | **$0.00** |

| | |
|---|---:|
| Total Adequate Protection Payments: | **$0.00** |
| Funds Available For Debtor's Attorney First Disbursement: | **$590.40** |
| Funds Available For Debtor's Attorney Future Disbursements: | **$594.90** |
| Available For Secured Creditors as Authorized by the Plan: | **$594.90**** |

** Amount is based on the plan payment scheduled on the month following the month when the attorney fees are paid in full.
*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

DATED: **10/25/2010**

__/s/ Van W. Northern_____  _____
Attorney for Debtor(s)                          Trustee, Attorney for Trustee or Trustee's Representative

(H) Jacob Donald Greene  
(W) Kirstie Isbel Greene

** Amount is based on the plan payment scheduled on the month following the month when the attorney fees are paid in full.  
*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

IN RE: **Jacob Donald Greene**       CASE NO. **10-20696-13**
*Debtor*

**Kirstie Isbel Greene**       CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on October 25, 2010, a copy of the attached Chapter 13 Plan, with any attachments, was served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

**/s/ Van W. Northern**
Van W. Northern
Bar ID:15101100
Northern Law Firm
112 W. 8th Ave., Suite 400
Amarillo, Texas 79101
(806) 374-2266

| | | |
|---|---|---|
| AES/WACHOVIA<br>xxxxxxxxxxxx0001<br>PO BOX 2461<br>HARRISBURG, PA 17105 | BAC HOME LOANS SERVICI<br>xxxxx9378<br>450 AMERICAN ST<br>SIMI VALLEY, CA 93065 | Check N Go<br>1606 E. Amarillo Blvd<br>Amarillo, TX 79107 |
| AMERICREDIT<br>xxxxx3214<br>PO BOX 181145<br>ARLINGTON, TX 76096 | BAC HOME LOANS SERVICI<br>xxxxx9378<br>450 AMERICAN ST<br>SIMI VALLEY, CA 93065 | CITI CTB<br>xxxxxxxxxxxx3450<br>PO BOX 22066<br>TEMPE, AZ 85285 |
| ASPIRE<br>xxxxxxxxxxxx3999<br>PO BOX 105555<br>ATLANTA, GA 30348-5555 | BANK OF AMERICA<br>xxxxxxxxxxxx4549<br>PO BOX 1598<br>NORFOLK, VA 23501 | CITIFINANCIAL<br>xxxxxxxxxxxx1574<br>300 SAINT PAUL PL<br>BALTIMORE, MD 21202 |
| Attorney-In-Charge<br>Office of The United States Attorney<br>500 S. Taylor, Lobby Box 238<br>Amarillo, Texas 79101 | CAP ONE<br>xxxxxxxxxxxx9642<br>PO BOX 85520<br>RICHMOND, VA 23285 | CITIFINANCIAL<br>xxxxxxxxxxxx2102<br>300 SAINT PAUL PL<br>BALTIMORE, MD 21202 |

IN RE: **Jacob Donald Greene**   CASE NO. **10-20696-13**
*Debtor*

**Kirstie Isbel Greene**   CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

| | | |
|---|---|---|
| Comptroller of Public Accounts<br>Taxation Division Bankruptcy<br>P.O. Box 12548<br>Austin, Texas 78711 | DEPT OF EDUCATION/NELN<br>xxxxxxxxxx6974<br>121 S 13TH ST<br>LINCOLN, NE 68508 | G JWL/CBSD<br>xxxxxxxxxxxx9254<br>PO BOX 6497<br>SIOUX FALLS, SD 57117 |
| CREDIT FIRST N A<br>xxxxx8612<br>6275 EASTLAND RD<br>BROOK PARK, OH 44142 | DEPT OF EDUCATION/NELN<br>xxxxxxxxxx1774<br>121 S 13TH ST<br>LINCOLN, NE 68508 | GECC, Inc.<br>750 Shipyard Dr.<br>Wilmington, DE 19801 |
| DEPT OF ED/SALLIE MAE<br>xxxxxxxxxxxxxxxxxx0813<br>PO BOX 9635<br>WILKES BARRE, PA 18773 | DEPT OF EDUCATION/NELN<br>xxxxxxxxxx1574<br>121 S 13TH ST<br>LINCOLN, NE 68508 | GEMB/CARE CREDIT<br>xxxxxxxxxxxx2472<br>PO BOX 981439<br>EL PASO, TX 79998 |
| DEPT OF ED/SALLIE MAE<br>xxxxxxxxxxxxxxxxxx0813<br>PO BOX 9635<br>WILKES BARRE, PA 18773 | DISCOVER FIN SVCS LLC<br>xxxxxxxxxxxx8717<br>PO BOX 15316<br>WILMINGTON, DE 19850 | GEMB/DISCOUNT TIRES<br>xxxxxxxx1414<br>PO BOX 981439<br>EL PASO, TX 79998 |
| DEPT OF EDUCATION/NELN<br>xxxxxxxxxx1874<br>121 S 13TH ST<br>LINCOLN, NE 68508 | EZ PAYDAY Cash<br>4760 S. Highland, Suite 654<br>Salt Lake City, UT 84117 | GEMB/GE MONEY BANK LOW<br>xxxxxxxxxxxx3817<br>PO BOX 103065<br>ROSWELL, GA 30076 |
| DEPT OF EDUCATION/NELN<br>xxxxxxxxxx1474<br>121 S 13TH ST<br>LINCOLN, NE 68508 | FED LOAN SERV<br>xxxxxxxxxxxx0001<br>PO BOX 69184<br>HARRISBURG, PA 17106 | GEMB/WALMART<br>xxxxxxxxxxxx2116<br>Bankruptcy Department<br>PO Box 103104<br>Roswell, GA 30076 |
| DEPT OF EDUCATION/NELN<br>xxxxxxxxxx1674<br>121 S 13TH ST<br>LINCOLN, NE 68508 | FIRST USA BANK NA<br>xxxxxxxxxxxx8351<br>201 N WALNUT ST # DE1-10<br>WILMINGTON, DE 19801 | GEMBPPSM<br>xxxxxxxxxxxx3488<br>PO BOX 981064<br>EL PASO, TX 79998 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

IN RE: **Jacob Donald Greene**　　　　　　　　　　CASE NO. **10-20696-13**
　　　　　　　　　　*Debtor*

**Kirstie Isbel Greene**　　　　　　　　　　CHAPTER **13**
　　　　　　　　　　*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #2)

| | | |
|---|---|---|
| HSBC BANK<br>xxxxxxxxxxxx4517<br>PO BOX 5253<br>CAROL STREAM, IL 60197 | Jacob Donald Greene<br>6509 Lexis St.<br>Amarillo, TX 79119 | SECNTLMORTG<br>xx0463<br>5300 SOUTH 360 WES SUITE 150<br>SALT LAKE CITY, UT 84123 |
| HSBC BANK<br>xxxxxxxxxxxx3892<br>PO BOX 5253<br>CAROL STREAM, IL 60197 | MILITARY STAR<br>xxxxxxxxxxxx0014<br>3911 S WALTON WALKER BLV<br>DALLAS, TX 75236 | Texas Workforce Commission<br>101 E. 15th Street<br>Austin, Texas 78778 |
| HSBC/BSBUY<br>xxxxxx-xxxxxx0258<br>PO Box 5253<br>Carol Stream, IL 60197 | NCP Finance Limited Partnership<br>100 East 3rd St. 5th Floor<br>Dayton, OH 45402 | THD/CBSD<br>xxxxxxxxxxxx6690<br>PO BOX 6497<br>SIOUX FALLS, SD 57117 |
| HSBC/BSBUY<br>xxxxxxxxxxxx7115<br>PO BOX 15519<br>WILMINGTON, DE 19850 | NET 1ST NATIONAL BANK<br>xxxxxxxxxxxx7395<br>5770 ROOSEVELT BLVD<br>CLEARWATER, FL 33760 | USAA FEDERAL SAVINGS B<br>xxxx1202<br>PO BOX 47504<br>SAN ANTONIO, TX 78265 |
| HSBC/RS<br>xxxxxxxxxxxx8733<br>90 CHRISTIANA RD<br>NEW CASTLE, DE 19720 | PREFERRED CREDIT INC<br>xx7540<br>3051 2ND ST S STE 200<br>SAINT CLOUD, MN 56301 | USAA FEDERAL SAVINGS B<br>xxxx8431<br>PO BOX 47504<br>SAN ANTONIO, TX 78265 |
| HSBC/SUZKI<br>xxxxxx-xxxxxx3059<br>PO Box 5253<br>Carol Stream, IL 60197 | Quick Payday Cash.com<br>4760 S. Highland, Suite 654<br>Salt Lake City, UT 84117 | UST U.S. Trustee<br>1100 Commerce Street<br>Room 976<br>Dallas, TX 75242-1011 |
| Internal Revenue Services<br>Special Procedures Branch<br>Bankruptcy Section, Mail Code 5020-DAL<br>1100 Commerce Street<br>Dallas, Texas 75242 | SALLIE MAE<br>xxxxxxxxxxxxxxxx0813<br>PO BOX 9500<br>WILKES BARRE, PA 18773 | Walter O'Cheskey |

IN RE: **Jacob Donald Greene**          CASE NO. **10-20696-13**
*Debtor*

**Kirstie Isbel Greene**          CHAPTER **13**
*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #3)

WF/EFS
xxxx8373
PO BOX 13667
SACRAMENTO, CA 95853


WFFINANCE
xxxxxxxxxx0239
800 WALNUT ST
DES MOINES, IA 50309